WILLIAM WINKELMANN

v.

DRAINAGE DISTRICT.

*Drainage—Sec. 17, Chap. 42, R. S.*

Under Sec. 17, Chap. 42, R. S., the jury may off-set benefits against damages for land taken for drainage purposes.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. WILLIAM WINKELMANN, in person, plaintiff in error.

Mr. W. H. HORINE, JR., defendant in error.

WILKIN, J.  Plaintiff below sued defendant in error in assumpsit for $300, which he claims had been assessed to him as damages for land taken by it for the use of a levee in its district by a jury impaneled under the Drainage Act of 1879. The defendant pleaded that the $300 so allowed as damages was off-set and deducted from benefits assessed by the same jury against plaintiff and that such benefits exceed the damages.  No question is made by either party as to the regularity of the proceeding under and by which the assessment was made nor as to the fact that the jury assessed benefits to plaintiff's land $536, and damages to the amount of $300, and that the jury found the balance of benefits to be $236.  The judgment of the court below was for defendant and a writ of error was sued out of this court by plaintiff below.  He now insists upon a reversal on the single ground that the jury had no power to off-set benefits against damages for land actually taken, as he terms it, and he relies upon authorities cited, holding that under that provision of our Constitution which prohibits the taking or damaging of private property for public use without just compensation, the land actually taken must

be paid for regardless of benefits. The cases cited are each con-
demnation proceedings in which private property was sought
to be taken for public highways or railroads' right of way and
have no application to this case. This is not a taking of pri-
vate property for public use within the meaning of Sec. 13 of
Art. 2 of the Constitution. The object of the proceeding is
to benefit the lands of owners within the district and to
require each to pay for the improvement in proportion to the
benefits received and is under the provisions of the statute
passed under Sec. 31 of Art. 4 of the present Constitution, the
amendment being adopted in November, 1878. Hence, by
the express provision of Sec. 17, Chap. 42, the jury are re-
quired to off-set damages and benefits and carry forward the
balance to a column for damages or benefits as the case may
be. If the benefits exceed the damages they must be paid, as
provided in Sec. 26 of the same chapter. No question is
made in this case as to the legality of the assessment, either
of damages or benefit. Hence the position of plaintiff in
error is that he may recover the $300 damages and the dis-
trict the $536 benefits, the result of which would be the same
as is contemplated by Sec. 17. We find no reason or author-
ity to support the position of plaintiff in error. The rights
of the parties are fixed by the plain letter of the statute and
the judgment of the Circuit Court is in conformity therewith
and must be affirmed.

*Judgment affirmed.*